**Dajuma WATKINS, Petitioner— Appellant,**

v.

**Doug WADDINGTON, Respondent— Appellee.**

No. 05–35244.

D.C. No. CV–02–05089–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 25, 2006.*

Decided Jan. 27, 2006.

David B. Zuckerman, Law Office of David B. Zuckerman, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Olympia, WA, for Respondent–Appellee.

Before RAWLINSON and CLIFTON, Circuit Judges, and BURNS, District Judge.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM***

Petitioner Dajuma Watkins ("Watkins") appeals the denial of his federal petition for a writ of habeas corpus. The only issue in this appeal is whether Watkins' trial was prejudicially marred by prosecutorial misconduct during closing argument. Because the parties are familiar with the facts, we do not recite them here.

"Improper argument does not, per se, violate a defendant's constitutional rights." *Jeffries v. Blodgett*, 5 F.3d 1180, 1191 (9th Cir.1993) (citations omitted). Prosecutorial misconduct rises to the level of a constitutional violation only when the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citation omitted).

After *de novo* review of the record, we find no error in the district court's denial of federal habeas corpus relief. None of the prosecutor's five remarks challenged by Watkins, individually or collectively, rises to the level of constitutional trial error or raises any "grave doubt" that the trial error "had substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch*, 513 U.S. 432, 435–36, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (citation omitted). Although the court need not reach the harmless error analysis unless it first finds constitutional trial error (*see Early v. Packer*, 537 U.S. 3, 10, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)), there is no reasonable likelihood in this case that the prosecutor's challenged comments affected the verdict, in view of the court's curative instructions, the weight of the evidence against Wat-

kins, the length of the prosecutor's closing arguments, and the absence of misstatement of evidence, among other things.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

